# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| OSCAR ELIZONDO, | § § § | |
| *Plaintiff* | § § | |
| v. | § § § | |
| CONVERGENT OUTSOURCING, INC., | § § § § | CASE NUMBER: 1:22-cv-00082 |
| & | § § | |
| VELOCITY INVESTMENTS, LLC, | § § § | DEMAND FOR JURY TRIAL |
| & | § § | |
| JOHN DOES 1-25, | § § § | |
| *Defendants.* | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Oscar Elizondo ("Plaintiff" or "Mr. Elizondo" herein), brings this action, against Defendants, Convergent Outsourcing, Inc. ("Convergent" herein), and Velocity Investments, LLC ("Velocity" herein), and John Does 1-25, collectively ("Defendants") and will show as follows:

1

## PRELIMINARY STATEMENT

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury as a result of Defendants' violations contained herein.

6. Plaintiff further suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

7. Plaintiff, Oscar Elizondo, is an individual who resides in Travis County, Texas.

8. Defendant, Convergent Outsourcing, Inc., is a Washington corporation Company that is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, at the following address:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201

9. Defendant, Velocity Investments, LLC, is a foreign company that maintains a registered agent in Texas at the following address:

> Corporation Service Company
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

10. John Does 1-25, are fictitious names of individuals and businesses that Plaintiff alleges for the purpose of substituting names of defendants whose identities are unknown but may be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

11. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

12. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes, with regards to a purported automobile deficiency balance (after a repossession of a vehicle) with Santander ("alleged debt" herein).

13. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

14. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.

15. The alleged debt was subsequently sold to Velocity, a debt buyer and debt collector.

16. Velocity, in turn, contracted with Convergent for the purposes of collecting the alleged debt.

17. Both Convergent and Velocity regularly collect or attempt to collect defaulted consumer debts by using the telephone and mails.

18. Convergent is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

19. Velocity is also a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA in so much as Velocity acquired the alleged debt for the purposes of collection, and outsourced such debt collection to Convergent, another debt collection agency.

20. Although Velocity itself is a debt buyer, the principal business model of Velocity is for debt collection of consumer debts whereby Velocity first acquires the debt and then utilizes different collection agencies to collect the debt. Velocity's own website indicates (www.velocityrecoveries.com/about-velocity):

> *Founded in 2003, Velocity Recoveries has more than a decade of experience using a comprehensive collection strategy to convert distressed receivables to cash.*
>
> *Velocity Recoveries is focused on providing outsourced legal collection solutions for credit grantors, debt buyers, hospitals, utility companies and other owners and originators of consumer receivables.*
>
> *Velocity Recoveries offers creditors and debt buyers an opportunity to partner with a servicer that has extensive expertise managing accounts receivable from both a pre-legal collection and litigation perspective.*

21. On or about February 8, 2021, Convergent sent to Plaintiff a collection letter ("Letter" or "Exhibit A" herein that is partially redacted in accordance with FRCP 5.2) whereby Convergent sought to collect a balance of $3991.35 regarding the alleged debt and which listed the original balance of $7882.70. The language of the Letter indicated that the Letter was also a solicitation to resolve the alleged debt for a discount.

22. The Letter indicated that the alleged debt was acquired by Velocity and placed with Convergent for collections.

23. However, Plaintiff subsequently conferred after obtaining records from Santander Consumer USA, Inc. (the original creditor) that the last payment for the alleged debt was October 5, 2016. Consequently, the default date was prior to January 1, 2017, and more than four years prior to the date of the Letter.

24. Plaintiff has information and belief that the alleged debt was time barred as per Tex. Civ. Prac. & Rem. Code Ann. §16.004(a)(3), which provides that a suit for breach of contract must be brought not later than four years after the day the cause of action accrues.

25. The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

26. The Letter was a form of "debt collection" as that term is defined by §392.001(5).

27. The Letter was false and misleading to the unsophisticated/least sophisticated consumer in so much as it failed to disclose in any way a) that the alleged debt was time barred debt and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d 507 (5th Cir. 2016). An unsophisticated/least sophisticated consumer could easily believe that failure to pay the alleged debt could result in a lawsuit to enforce the entire balance, notwithstanding the fact that the debt is legally unenforceable.

28. Moreover, the Letter did not provide any information regarding when the alleged debt was incurred or the default date. The Letter also created a sense of urgency by requiring a response within "60 days" and further stating that "we are not obligated to renew this offer".

29. Plaintiff alleges that Velocity is vicariously liable for the conduct of Convergent under the FDCPA for all claims that are the basis of this complaint. Specifically, Plaintiff has information and belief that a) Velocity is responsible for the actions of Convergent for the collection of the alleged debt, b) Velocity exercised control in the way Convergent collected the alleged debt.

30. Plaintiff alleges that Defendants, John Does, approved, directed, and/or supervised the preparation and sending of letters in the form of Exhibit A to Mr. Elizondo and the class members.

31. Plaintiff further alleges that Exhibit A was misleading and created a significant risk of harm as contemplated by the FDCPA and constitutes a concrete injury in-fact as articulated in Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016).

32. Plaintiff was confused and misled by the Letter and sought legal counsel regarding the validity of the alleged debt and to determine the date of default and applicability of the Texas statute of limitations.

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

34. **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—**
    **(A) the character, amount, or legal status of any debt;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

35. Defendants violated sections (2)(A) and (10) of 15 U.S.C. §1692e by seeking the collection and settlement of consumer debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred and b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations, c) without disclosing the date of the alleged debt/default and d) by creating a false sense of urgency.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

37. **15 U.S.C. §1692(f) of the FDCPA provides as follows:**

   **UNFAIR PRACTICES**

   **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

38. Plaintiff alleges in the alternative that the Letter constituted unfair practices in so much as it used unfair and unconscionable means to collect a time barred debt without disclosing the debt is time barred and unenforceable and without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations and by creating a false sense of urgency. Moreover, the failure to disclose the default date or to provide Plaintiff with any meaningful information to assess statute of limitations further enhances the unfair practices.

## REQUEST FOR ATTORNEYS' FEES

39. Plaintiff seeks reasonable attorneys' fees as per the FDCPA and any other statutory or common law basis.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Oscar Elizondo, respectfully prays that the Defendants, Convergent Outsourcing, Inc., and Velocity Investments, LLC, and John Does 1-25, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, as follows:

a.  The Court award Plaintiff, actual damages as per 15 U.S.C. §1692(k)(a)(1) and statutory damages pursuant to 15 U.S.C. §1692(k)(a)(2)(A) and;

b.  The Court award Plaintiff, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a) and any other applicable statute or legal basis;

c.  The Court award Plaintiff, prejudgment, and post judgment interest as allowed by law;

d.  The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Oscar Elizondo*